The SOVEREIGN MANAGEMENT CORPORATION, Appellant,

v.

Robert STANFORD et ux, Appellees.

No. 6146.

Court of Civil Appeals of Texas, Waco.

Jan. 17, 1980.

Walter S. Smith, Jr., Haley, Fulbright, Winniford, Bice & Davis, Waco, for appellant.

Nick Nichols, West, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant (landlord) from a $60. judgment against it, in suit by plaintiffs (tenants), to recover a security deposit.

Plaintiffs (tenants) Robert and Karen Stanford sued defendant (landlord) Sover-

eign to recover a $100. security deposit they had deposited with defendant when they leased an apartment. Plaintiffs alleged they gave notice of intention to vacate the premises, did vacate the premises on December 31, 1978, and that defendant refused to return the $100. security deposit stating "the deposit was to be forfeited due to terms of the lease for vacating prior to the 12 month period contained in the lease". Plaintiffs alleged defendant retained the deposit in bad faith, and sought damages in the amount of $100; trebling of such damage pursuant to Article 5236e; penalty of $100. pursuant to Article 5236e, plus attorney's fees.

Trial was to the court, which rendered judgment for plaintiff for $60.

Defendant (landlord) appeals contending the trial court erred:

1) In finding paragraph 15 of the Lease Agreement void and unenforceable as a penalty.

2) In entering judgment for plaintiffs.

3) In failing to find defendant entitled to retain plaintiffs' security deposit because such retention is allowed by Article 5236e, Section 2(a) VATS.

The trial court filed Findings and Conclusions summarized as follows:

### Findings of Fact

1) Plaintiffs leased the premises for 1 year on April 1, 1978.

2) Plaintiffs gave defendant written notice of their intention to vacate the premises on December 4, 1978 which was less than 30 days from the date they moved from the premises.

3) Defendant did not act in bad faith in retaining plaintiffs' security deposit.

4) Defendant spent $15. in cleaning costs and lost $25. in rentals as a result of plaintiff moving out.

5) The sole reason for defendant's retention of the $60. balance of the security deposit is contained in paragraph 15 of the lease.

6) Plaintiffs are entitled to recover $60. balance of the security deposit.

### Conclusions of Law

1) Paragraph 15 of the lease agreement constitutes a penalty clause and is void and unenforceable.

2) Plaintiffs are entitled to recover from defendant $60.

On April 1, 1978 plaintiffs leased an apartment from defendant for 12 months. Paragraph 15 of the lease provided: "TENANT hereby makes a deposit of $100. against any damage except reasonable wear done to the premises by the TENANT * *. *Provided that the TENANT has given 30 days notice of surrender of the premises to LANDLORD prior to expiration or termination of this lease and upon the expiration or termination of this LEASE, the deposit is to be refunded to the TENANT less any amount owed by the TENANT for damages, cleaning or delinquent rent"*.

On December 4, 1978 (after 8 months) plaintiffs notified defendant they were moving on December 31, 1978 (such notice being 27 days before the date they moved; and the move occurred prior to expiration of the 12 months lease. At the beginning of the lease plaintiffs paid a $100. security deposit, and at the termination of the lease defendant retained the entire $100. relying on paragraph 15 of the lease, supra.

Defendant spent $15. having the apartment cleaned after plaintiffs vacated and on January 8, 1979 released the apartment to others. It is stipulated that $25. was the rent loss to defendant before releasing the apartment.

Article 5236e, Sec. 1(1) provides " 'Security deposit' means any advance or deposit of money * * *, the primary function of which is to secure full or partial performance of a rental agreement for a residential premises". Section 2 provides "Security deposits must be refunded by the landlord to the tenant within 30 days after the tenant surrenders the premises. A tenant shall give advance notice of surrender as may be required by the rental agreement. However, advance notice may not be a condition

for refund unless the requirement of advance notice is underlined or printed in conspicuous, bold print in the rental agreement".

The statute provides that a tenant shall give advance notice of surrender as may be required by the rental agreement, here 30 days, and further that advance notice may not be a condition for refund unless the requirement of advance notice is underlined. The contract of the parties required 30 days' advance notice of surrender of the premises as a condition for refund of the deposit, and such provision was underlined.

In such situation the Statute precludes paragraph 15 of the lease agreement from constituting a penalty.

All appellant's points are sustained.

The judgment is reversed and judgment here rendered plaintiffs take nothing.

REVERSED & RENDERED.